**\*E-Filed 6/21/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LEAF PROPERTY HOLDING LLC,

        Plaintiff,

  v.

LUCY LOPEZ,

        Defendants.
_____/

Case No. 11-2285 RS

**ORDER OF SUMMARY REMAND**

Lucy Lopez, appearing *in pro se*, removed this action on the basis of federal question jurisdiction from the Contra Costa Superior Court, where it was pending as an unlawful detainer action against her. She duly sought to proceed *in forma pauperis*. Defendant's application for *in forma pauperis* status, as explained in the Report and Recommendation issued on June 2, 2011, adequately alleges Lopez' poverty and shall be granted.

The Report and Recommendation correctly further found that because the complaint does not present a federal question, this Court lacks subject matter jurisdiction and recommended dismissal. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed

thereto that removal should not be permitted, the court shall make an order for summary remand." In this case, such *remand* is appropriate.

Lopez' removal notice bases removal on federal question jurisdiction. The complaint asserts one state law claim for unlawful detainer, and therefore does not present a federal question. The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[1] Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* The fact that a federal question may be implicated through matters raised by an answer or in a counterclaim is insufficient. *Id.* at 831. Accordingly, the supposedly federal nature of some of the matters defendant is attempting to raise as a basis for challenging the foreclosure and the unlawful detainer does not give rise to removal jurisdiction. Additionally, while Lopez does not appear to be contending that diversity of the parties would support jurisdiction, any such argument would not be tenable given that she is a resident of California and therefore precluded by 28 U.S.C. § 1441(b) from effecting a removal from a court in her own state. Accordingly, this action is hereby remanded to the Contra County Superior Court. The Clerk shall close this file.

IT IS SO ORDERED.

Dated: 6/21/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] The rule applies equally to evaluating the existence of federal questions in cases brought initially in this court and in removed cases. *Id.* at n. 2

2

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Lucy Lopez**
2841 Seville Circle
Antioch, CA 94565

DATED: 6/21//2011

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

3